IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHWAY, LLC, an Oklahoma limited liability company d/b/a MARKET SOURCE,<br><br>    Plaintiff,<br><br>v.<br><br>SX THREE, LLC, a Texas limited liability company,<br><br>    Defendant. | )<br>)<br>)<br>)  Case No. CIV-25-21-SLP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

On February 18, 2025, the Clerk of Court entered default against Defendant SX Three, LLC, A Texas Limited Liability Company (Defendant). *See* Clerk's Entry of Default [Doc. No. 6]. Plaintiff, Richway LLC, an Oklahoma limited liability company d/b/a Market Source (Plaintiff), now moves for entry of default judgment. *See* Plaintiff's Motion for Entry of Default Judgment [Doc. No. 7]. Defendants has not responded to the Motion. For the reasons that follow, Plaintiff's Motion is GRANTED.

**I.**    **Background / Plaintiff's Claims**

On January 6, 20205, Plaintiff filed this action alleging breach of contract arising from Defendant's failure to pay sums due under invoices for restaurant equipment Plaintiff sold and delivered to Defendant. Plaintiff seeks actual damages in the amount of $136,180.83. Plaintiff further seeks to recover statutory interest and costs and attorney fees.

II.     **Procedural History**

Defendant was timely served with the Complaint on January 13, 2025. *See* Proof of Service [Doc. No. 3]. Defendant has failed to answer or otherwise respond to the Complaint and the time for doing so has expired. As set forth, on February 18, 2025, the Clerk of Court entered default. *See* Clerk's Entry of Default [Doc. No. 6]. The record, therefore, reflects that Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b).

III.    **Jurisdiction**

Initially, the Court must consider both whether subject matter exists and whether the exercise of personal jurisdiction over the defendant is proper. *See, e.g., Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1169-70 (10th Cir. 2011); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).

   A.     **Subject Matter Jurisdiction**

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1). The parties are citizens of different states. *See* Compl. [Doc. No. 1], ¶¶ 1-3. Additionally, the amount in controversy exceeds $75,000, excluding interests and costs. *Id.*, ¶¶ 1, 17, 23; *see also* Accounting [Doc. No. 1-4].

   B.     **Personal Jurisdiction**

The Court has considered the pleadings and concludes that it has personal jurisdiction over Defendant. *See, e.g., Sharpshooter Spectrum Venture, LLC v. Consentino*, Case No. CIV-09-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) ("[W]here, as here, the issue is determined on the basis of the pleadings and affidavits, that

burden may be met by a prima facie showing.") (footnote omitted) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)).

IV. **Uncontested Facts / Liability and Damages**

"[T]he entry of default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Upon an entry of default, the Court takes all the well-pleaded facts in a complaint as true. *Id*. at 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts.") (citation omitted); *United States v. Craighead*, 176 Fed. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). However, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought.

Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g., Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274-75 (D. Kan. 2016) ("Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.").

### A.    Breach of Contract

Plaintiff seeks default judgment on its breach of contract claim against Defendant. Under Oklahoma law, to recover for breach of contract, a party must prove: (1) the formation of a contract; (2) a breach thereof; and (3) actual damages as a result of the breach. *Valley View Agri, LLC v. Producers Coop Oil Mill*, Case No. CIV-15-1297-D, 2017 WL 1208670 at *2 (W.D. Okla. Mar. 31, 2017).

Plaintiff has alleged the terms of the parties' agreement and provided a summary of the invoices with the amounts due thereunder. *See* Compl., ¶¶ 6-11; *see also* Invoice Summary [Doc. No. 1-1]. Plaintiff has further alleged that it performed its obligations under the contract by delivering restaurant equipment to Defendant and that Defendant breached the contract by failing to pay for that equipment. *See* Compl., ¶¶ 7-12; *see also* Hiersche Aff. [Doc. No. 8], ¶ 8. And Plaintiff has demonstrated that it has suffered actual damages as a result of the breach in the principal amount of $136,180.83. *See* Compl. ¶¶ 12-13; Hiersche Aff., ¶¶ 8-9.

### B.    Damages

"If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *Craighead*, 176 Fed.Appx. at 925 (citation omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation.").

Here, Plaintiff seeks a sum certain based on the amounts due under the parties' contract and the invoices submitted to Defendant. Plaintiff has alleged this amount in the Complaint and has attached a summary of the invoices setting forth the amounts due. Thus, the Court finds it proper to award actual damages to Plaintiff on its breach of contract claim in the amount of $136,180.83. Plaintiff further seeks an award of post-judgment interest and the Court finds Plaintiff should be awarded such interest at the governing statutory rate. *See* 28 U.S.C. § 1961.

### C. Attorney Fees

Plaintiff also seeks an award of attorney fees pursuant to Okla. Stat. tit. 12, § 936.[1] Section 936 permits the recovery of a reasonable attorney fee to the prevailing party in any civil action to recover "on a[] . . . contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action. . . ." *Id*. Here, Plaintiff has brought a civil action to recover on a contract relating to the purchase or sale of goods, wares or merchandise. Thus the Court finds Defendant is liable to Plaintiff for a reasonable attorney fee. The Court cannot determine the amount of attorney fees as Plaintiff has presented no evidence of the same. Plaintiff shall submit an affidavit to the Court presenting and supporting its request for a reasonable attorney fee within fourteen (14) days of the date of this Order.

---

[1] "In diversity cases, attorney fees are a substantive matter controlled by state law." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008). Because the Court's jurisdiction is based on diversity, Oklahoma law on attorney fees governs.

## V. Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's Motion for Default Judgment [Doc. No. 7]. Plaintiff is directed to submit the supplemental information as directed above regarding its request for attorney fees within fourteen (14) days of the date of this Order. A separate default judgment shall be entered upon determination of the amount of attorney fees to be awarded.

IT IS SO ORDERED this 31st day of March, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE